J-S71033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON E. MCGINNIS, JR. | |
| Appellant | No. 782 WDA 2015 |

Appeal from the PCRA Order April 15, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000547-1996

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 29, 2016**

Vernon E. McGinnis, Jr., appeals, *pro se*, from the order entered on April 15, 2015, in the Armstrong County Court of Common Pleas, which dismissed his **eighth** petition for post-conviction collateral relief as untimely.[1]  McGinnis seeks relief from the judgment of sentence of life imprisonment imposed on **April 9, 1997**, after pleading guilty to the charge of first-degree murder for the fatal shooting of Edward Galvanek.[2]  After a thorough review of the record, the parties' briefs, and applicable law, we affirm on the basis of the PCRA court's opinion.

_____

[1]  ***See*** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. § 2502(a).

The PCRA court aptly summarized the facts and procedural history in its Pa.R.A.P. 1925(a) opinion, and we adopt its recitation. **See** PCRA Court Opinion, 6/25/2015, at 1.[3] McGinnis argues the PCRA court erred in finding his petition was untimely filed and that no timeliness exceptions under 42 Pa.C.S. § 9545(b)(1) apply. **See** McGinnis' Brief at 4. Specifically, he states that on January 9, 2015, his mother was cleaning out her deceased father's estate and discovered correspondence between McGinnis' plea counsel and his grandfather, which his mother then sent to McGinnis. **Id.** at 8. He alleges counsel gave misleading information to his grandfather, who was not counsel's client, and McGinnis did not give counsel consent to consult with his relative. **Id.**[4] McGinnis contends this letter constitutes newly discovered evidence, and that it was unknown to him and could not have been ascertained by the exercise of due diligence. **Id.**

The PCRA court has provided a well-reasoned discussion of its disposition. **See** PCRA Court Opinion, 6/25/2015, at 2-4 (finding: (1) McGinnis failed to plead to any facts in his petition indicating that the letter

---

[3] **See also** Trial Court Opinion, 5/7/2001, at 1-2; **Commonwealth v. McGinnis**, 4 A.3d 208 [2034 WDA 2009] (Pa. Super. 2010) (unpublished memorandum).

[4] In his brief, McGinnis attaches a copy of the March 11, 1997, letter from his plea counsel to his grandfather. Counsel informs the grandfather that it was in McGinnis' best interest to accept a guilty plea and that he would be afforded release after ten years, "with good behavior which is no comparison to life or death, upon conviction at trial." **See** McGinnis' Brief at Appendix C, March 11, 1997 Letter from Dennis Paul Zawacki, Esquire, to Clifford Miller.

on which he now relies could not have been discovered earlier with the exercise of due diligence; and (2) the contents of the letter do not actually contain any new "facts" on which McGinnis could base his petition because McGinnis would have been aware of the various promises or representations both at the time he entered his guilty plea and at sentencing, and therefore, he could not have been unlawfully induced by promises of a release after ten years by either plea counsel or his grandfather).[5]

We agree and adopt the sound reasoning of the PCRA court as dispositive of the issue raised in this appeal. Accordingly, because McGinnis' petition is untimely and does not satisfy any exception to the PCRA timeliness requirement, we are without jurisdiction to review his claims. Therefore, the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

_____

[5] The court also relies on its March 19, 2015, memorandum, which set forth its reasons for dismissing the petition pursuant to Pa.R.Crim.P. 907. **See** Memorandum, 3/19/2015, at 2-5 (explaining that McGinnis did not indicate in his petition how these additional facts tended to show either that he was given ineffective assistance of counsel or that his guilty plea was unlawfully induced, and that these claims were not substantially supported by the facts in the petition).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

**IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA        :
                                    :
                v.                  :        No. CP-03-CR-0000547-1996
                                    :
VERNON E. MCGINNIS, JR.             :

# 1925(a) OPINION

**NICKLEACH, S.J.**

Defendant Vernon E. McGinnis, Jr. ("Defendant") appeals the Court's order dismissing his eighth Post Conviction Relief Act ("PCRA") petition, which was entered on April 15, 2015.

This case has a protracted history. Relevant to the instant appeal, the Court directs the Superior Court's attention to the Memoranda it filed in this case on December 18, 2003, September 6, 2007, July 21, 2008, May 29, 2009, and May 27, 2010, all affirming this Court's prior dismissals of Defendant's serial PCRA petitions. Relevant background facts are also set forth in this Court's opinion entered May 7, 2001.

In the instant appeal, Defendant asserts the following errors in his Concise Statement:

(1) The Court erred in denying Defendant's PCRA petition as having been untimely filed and not within any of the exceptions set forth in 42 Pa. Cons. Stat. Ann. § 9545(b)(1);

(2) The Court erred in denying Defendant's PCRA petition as having been untimely filed without a hearing.[1]

We continue to find that our ruling was adequately supported by the record and that Defendant's petition was untimely on its face and that no purpose would have been served by further proceedings. Thus, pursuant to Pa. R. Crim. P. 907(1), we remain convinced that a hearing was unnecessary. The Court thoroughly set forth the reasons for dismissing the petition in its Memorandum entered on Marcy 19, 2015. The Court also recommends affirmance for the following additional reasons.

First, Defendant failed to plead any facts in his petition indicating that the letter on which he now relies could not have been discovered earlier with the exercise of due diligence. *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(ii); *Commonwealth v. Edmiston*, 65 A.3d 339, 345-46 (Pa. 2013). The letter was discovered by Defendant's mother as she was sorting through Defendant's grandfather's personal items. There are no facts pled in Defendant's petition that would establish that the letter could not have been discovered earlier by Defendant by simply asking his grandfather for any correspondence from Attorney Zawacki. The letter was not in the possession of the

---

[1] Although Defendant's concise statement appears to raise a third issue for appeal, namely, that the Court erred in denying Defendant's substantive claims that he received ineffective assistance of counsel and entered an unlawfully-induced plea, the Court did not, indeed could not, reach the merits of these substantive issues because we concluded that the petition was untimely.

2

Commonwealth, law enforcement, or the Court. Nor is there any indication that it was in any way concealed from Defendant or his family. Because Defendant presumably could have discovered the letter and its contents years before his mother discovered it in early 2015, we find that Defendant has failed to establish in his petition that he exercised due diligence.

Secondly, we also note the Pennsylvania Supreme Court's precedent with regard to what constitute new "facts" on which a PCRA petitioner may rely to establish the timeliness exception found at section 9545(b)(1)(ii). Petitioners must allege and prove "previously unknown 'facts,' not merely a newly-discovered or newly willing source for previously known facts." *Edmiston*, 65 A.3d at 352 (internal quotations and citation omitted). "[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." *Id.*

Defendant contends that the newly-discovered letter, written approximately one month before Defendant entered his guilty plea, contains evidence that the plea was unlawfully induced because his prior attorney, Mr. Zawacki, told Defendant's grandfather that Defendant would be afforded release after 10 years. Without considering the veracity of this

3

statement, if, in fact, Defendant's plea had been unlawfully-induced by promises of such release by either Mr. Zawacki or Defendant's grandfather, or both, Defendant would have been aware of those promises or representation both at the time he entered his guilty plea and at sentencing. The letter is only a newly-discovered source of evidence for the fact of those promises or representations that surfaced almost 18 years after Defendant entered his guilty plea. Accordingly, because we find that the contents of the letter do not actually contain any new "facts" on which Defendant could base his petition, we conclude that they cannot be used to establish the timeliness exception found at section 9545(b)(1)(ii).[2]

### III. CONCLUSION

For all of the above reasons, and for the reasons stated in the Court's March 17, 2015 Memorandum, we recommend affirmance on all issues raised in Defendant's concise statement.

BY THE COURT,

Dated: June 25, 2015

Joseph A. Nickleach, S.J.

---

[2] In the Guilty Plea Questionnaire executed by Defendant on March 25, 1997, Defendant acknowledged his understanding that he was pleading guilty to first degree murder, that the law required him to go to jail for life, and that no one promised him anything or forced him to enter his guilty plea. *See* Guilty Plea Questionnaire, qs. 9,10,13,15; Certification of Defense Counsel, no. 8. Defendant's sentencing order also clearly indicates that his sentence is for a term of incarceration for the duration of his natural life. *See* Sentencing Order, April 9, 1997.

4